## H. H. BLUMENTHAL, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42374.   Promulgated December 26, 1930.

*Ewing Laporte*, *Esq.*, for the petitioner.
*Philip A. Bayer*, *Esq.*, for the respondent.

OPINION.

STERNHAGEN: The petitioner presents only an issue of fact. He undertakes to prove that the $10,000 par value of shares received as stated in the facts had no market value when received. After examining the evidence, all of which was taken by deposition, we have found as a fact that the value of the shares was $10,000 as determined by respondent.

The shares were received at the time of organization. All of the corporation's shares, aggregating $71,000 par value, were issued for $61,000 cash, the lease, the agency contract and certain undescribed services. The measure of each dollar of par value of shares is $\frac{1}{71,000}$ of the total value of the cash, property and services received. Obviously, without some evidence of clear reason for it, there is no identification of the value of the $10,000 issued to petitioner separately from the rest of the shares issued to him and the other three cash subscribers. The aggregate value of all the shares is ordinarily and, in the absence of proof of special circumstances, equally and proportionately distributable among all the outstanding shares to determine the value of each. Thus, if the corporation had received nothing whatever for the particular $10,000 shares in question, they would still be worth at least $\frac{10}{71}$ of $61,000 cash received, or $8,591.54.

But the corporation had more than cash behind its shares. When the incorporators first met, on October 11, 1926, they ratified the issuance of this $10,000 of shares in a resolution expressly stating it to be " the considered, careful and unanimous judgment of the meeting that said property [the agency contract and leasehold] and services are essential to the business of the corporation, and have been and are of a full and substantial value to the corporation of not less than $10,000." The first balance sheet of the corporation showed assets of $78,505.15 against liabilities of $5,917.29, capital stock of $71,000 and surplus of $1,587.86, and among the assets are listed " contract and leasehold, $10,000." On the other hand, the evidence lacks facts or opinion sufficient to indicate that the contract and leasehold were worth less than they were recognized to be worth when the shares were issued and shortly thereafter and than they were determined to be worth by respondent.

The shares of the corporation were regarded as worth par by the only persons who bought them and who presumably then appraised the possibilities of the business. It is not persuasive for petitioner to say that Wally was willing to invest $15,000 in shares in order to get favorable consideration in automobile purchases and service, or that his father invested because petitioner was later to receive or inherit the shares. See *Penney & Long, Inc.*, v. *Commissioner*, 39 Fed. (2d) 849. Actual sales are not to be regarded lightly. *Andrews* v. *Commissioner*, 38 Fed. (2d) 55, affirming 13 B. T. A. 651.

Nor is the preponderance found in the opinions of petitioner and an accountant that the shares were not readily marketable or ready collateral for loans. This is often true of property of undisputed value. While we have no special or independent knowledge of the value of these shares, our experience affords some basis for judging the opinions of witnesses in accordance with the soundness of the reasoning which is disclosed. We can not treat a valuation as authoritative merely because it is stated in the form of an opinion, even although we must give due and careful consideration to the opinions of those whose demonstrated qualifications give their opinions weight or authority.

There is evidence tending to show that after the first year of operation the corporation had little or no earnings, and this is relied on as establishing little or no value in the shares. But the time of valuation is in 1926, when the shares were received. However speculative the business, the assets on hand and the promise of the future were regarded, by persons willing but under no compulsion to buy, as sufficient to justify investment at par. In the first year the earnings were over $20,000, after substantial salaries were paid. So even if regard may be had to subsequent earnings, those immediately in prospect at the valuation date amply justified the value at par.

When, therefore, the value claimed by the petitioner is subjected to any one of several tests, there is not sufficient substantial evidence to preponderate against the respondent's determination. Whether the test be taken as contemporaneous sales, book value, so-called intrinsic value, or earnings, or all together, the respondent's determination is supported, and the countervailing opinions lack force to overcome it.

*Judgment will be entered for the respondent.*